1
2
3
4
5
6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

7
8

UNITED STATES OF AMERICA,

9
Plaintiff,

NO.  CR-05-206-RHW-2
CV-09-1639-RHW

10
v.

11

SAMUEL LINDBLAD,

**ORDER DIRECTING THE
GOVERNMENT TO RESPOND**

12
Defendant.

13

14       Before the Court is Defendant's Motion to Vacate, Set Aside or Correct
15   Sentence by a Person in Federal Custody (Ct. Rec. 153).
16       Defendant was found guilty by a jury of Conspiracy to Travel for the
17   Purpose of Engaging in Illicit Sexual Act with a Minor, in violation of 18 U.S.C. §
18   2423(e) and Travel for the Purpose of Engaging in Sexual Act with a Minor, in
19   violation of 18 U.S.C. § 2423(b).  Defendant was sentenced to 360 months
20   imprisonment, life term of supervised release and $200 special assessment.
21   Defendant appealed his verdict and sentence.  On December 10, 2007, the Ninth
22   Circuit affirmed the judgment.

23                              **DISCUSSION**
24   **I.    Rule 4 Review**
25       Under 28 U.S.C. § 2255, a federal prisoner may move the court to vacate, set
26   aside, or correct his or her sentence on the grounds that (1) the sentence was
27   imposed in violation of the Constitution or laws of the United States; (2) the court
28   was without jurisdiction to impose such sentence; or (3) the sentence was in excess

**ORDER DIRECTING THE GOVERNMENT TO RESPOND  ~ 1**

of the maximum authorized by law.  "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States Attorney."  § 2255. Pursuant to Rule 4(b), Rules Governing Proceedings in the United States District Courts under Section 2255, the Court may, *sua sponte*, dismiss the motion if "it plainly appears from the face of the motion, any attached exhibits, and the record of the prior proceeding that the movant is not entitled to relief."

## II.   Defendant's Claims

In his petition, Defendant asserts seven grounds for relief:

(1)   Defendant's counsel was ineffective when he failed to consult or hire experts for recording analysis, entrapment defense, and psychiatric opinion at sentencing;

(2)   Defendant's counsel was ineffective when he failed to challenge the indictment based on FBI misconduct;

(3)   Defendant was convicted through the use of a manufactured jurisdiction;

(4)   Defendant's counsel was ineffective when he failed to explore or pursue entrapment defense;

(5)   Defendant's counsel was ineffective when he failed to move for discovery in a timely manner for *Brady* material that was never disclosed or untimely disclosed;

(6)   Defendant was deprived of his right to counsel during critical stages prior to trial; and

(7)   Defendant's counsel was ineffective when he failed to move for suppression of audio records, or other timely challenges to in defense of Defendant's Fourth, Fifth, and Sixth Amendment rights.

The Court has reviewed the pleadings and cannot determine from the face of the petition and accompanying exhibits that Defendant is not entitled to relief.

**ORDER DIRECTING THE GOVERNMENT TO RESPOND** ~ 2

1    Accordingly, **IT IS HEREBY ORDERED**

2       1.  Within 60 days from the date of the filing of this order, the Government

3    is directed to respond to Defendant's Motion to Vacate, Set Aside or Correct

4    Sentence by a Person in Federal Custody, 28 U.S.C. 2255.

5       **IT IS SO ORDERED.**  The District Court Executive is directed to enter this

6    Order and forward copies to counsel.

7       **DATED** this 3rd  day of February, 2010.

8

9

10                  *s/Robert H. Whaley*
                    ROBERT H. WHALEY
11                  United States District Court

12

13

14

15

16   C:\Temp\notesFFF692\~4800038.wpd

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER DIRECTING THE GOVERNMENT TO RESPOND** ~ 3